IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

    Plaintiffs,

vs.

**DEMAND FOR JURY TRIAL**

DIMERCO EXPRESS (U.S.A.)
CORPORATION and EXCEL CARGO
SERVICES, INC., d/b/a CARIBEX
WORLDWIDE, INC.,

    Defendants.

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sue Dimerco Express (U.S.A.) Corporation ("Dimerco") and Excel Cargo Services, Inc., d/b/a CaribEx Worldwide, Inc. ("CaribEx"), for patent infringement, and in support, allege as follows:

**NATURE OF THE LAWSUIT**

1.    This is an action for patent infringement of United States Patent Numbers: 6,714,859; 6,748,320; 6,952,645; 7,030,781; 7,400,970; 6,904,359; and, 6,486,801 arising under the patent laws of the United States, Title 35 of the United States Code.

**JURISDICTION, VENUE AND THE PARTIES**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over each Defendant pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that each Defendant: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

5. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg. ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands. Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

## THE DEFENDANTS

7. Defendant Dimerco is an Illinois Corporation with a principal place of business located at 955 Dillon Drive, Wood Dale, IL 60191. Publicly available material, including but not limited to, sample Bill of Lading documents produced by Dimerco and PDF documents produced by Dimerco explaining Tariff Rules and Codes for Miami, Florida ports demonstrate Dimerco does business in Miami-Dade County, including, but not limited to, exporting and

importing shipments through the Port of Miami which results in the production of infringing services and/or products to customers within Florida, this Judicial District and the nation as a whole. Furthermore, as is demonstrated from Dimerco's own website, Dimerco partners with companies located in Florida and specifically within this Judicial District to provide infringing services, including, but not limited to, CaribEx Worldwide, Inc., located at 12250 NW 25th Street, Suite 112, Miami, Florida 33182. CaribEx has a registered agent in Miami, Florida. Finally, as is apparent, Dimerco transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the '359, '801, '859, '320, '645, '781 and '970 patents.

8.  Defendant CaribEx is a North Carolina Corporation with a principal place of business located at 4248 Piedmont Parkway, Greensboro, NC 27410. CaribEx has an office located in Florida and specifically within this Judicial District located at 12250 NW 25th Street, Suite 112, Miami, Florida 33182. CaribEx also has a registered agent located in Miami, Florida. CaribEx works as a partner with Dimerco in order to provide infringing services to customers located within Florida and specifically this Judicial District. Finally, as is apparent, CaribEx transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the '359, '801, '859, '320, '645, '781 and '970 patents.

### THE PLAINTIFFS' PATENTS

9.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,714,859 ("the '859 patent"), entitled "System

and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued March 30, 2004.  A copy of the '859 patent is attached hereto as Exhibit 1.

10.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network", issued June 8, 2004.  A copy of the '320 patent is attached hereto as Exhibit 2.

11.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005.  A copy of the '645 patent is attached hereto as Exhibit 3.

12.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006.  A copy of the '781 patent is attached hereto as Exhibit 4.

13.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 5.

14.  Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005.  A copy of the '359 patent is attached hereto as Exhibit 6.

15. Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle", issued November 26, 2002. A copy of the '801 patent is attached hereto as Exhibit 7.

16. The '359 patent referenced in Paragraph 13 above was the subject of an Inter Partes reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 8.

## COUNT I – DIMERCO
## DIRECT PATENT INFRINGEMENT

17. Plaintiffs hereby incorporate Paragraphs 1 through 16 set forth above as if fully set forth herein.

18. Pursuant to 35 U.S.C. § 271(a), Dimerco has directly infringed claims of the '359, '801, '859, '320, '645, '781 and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale, and/or use of its "Comprehensive Logistics Services" which offers "Air Freight" real-time online tracking, its "Advanced Dimerco Value Plus System", and Dimerco's tracking and messaging systems within its "Global Data Integration and EDI Solution, Web Tracking Visibility and Customized Application and Reporting Capability" applications, solutions, devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '359, '801, '859, '320, '645, '781 and '970 patents, as every claim limitation, or its equivalent, is found in these applications, solutions, devices, programs, products, services, methods and/or systems.

19. Dimerco's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods

and systems that come within the scope of the '359, '801, '859, '320, '645, '781 and '970 patents.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Dimerco and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Dimerco, granting the following relief:

A. An award of damages against Dimerco adequate to compensate Plaintiffs for the infringement that has occurred with respect to Dimerco, together with prejudgment interest from the date that Dimerco's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Dimerco prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

### COUNT II – DIMERCO
### INDIRECT PATENT INFRINGEMENT

20. Plaintiffs hereby incorporate Paragraphs 1 through 19 set forth above as if fully set forth herein.

21. Pursuant to 35 U.S.C. §§ 271(b) and (c), Dimerco has indirectly infringed claims of the '359, '801, '859, '320, '645, '781 and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale and/or use of its "Comprehensive Logistics Services" which offers "Air Freight" real-time online tracking, its "Advanced Dimerco Value Plus System", and Dimerco's tracking and messaging systems within its "Global Data

Integration and EDI Solution, Web Tracking Visibility and Customized Application and Reporting Capability" applications, solutions, devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '359, '801, '859, '320, '645, '781 and '970 patents, as Dimerco actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as Dimerco had knowledge, rather than intent, that its activity caused such infringement.

22. Dimerco's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '801, '859, '320, '645, '781 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Dimerco and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Dimerco, granting the following relief:

A. An award of damages against Dimerco adequate to compensate Plaintiffs for the infringement that has occurred with respect to Dimerco, together with prejudgment interest from the date that Dimerco's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Dimerco prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT III – CARIBEX
## DIRECT PATENT INFRINGEMENT

23. Plaintiffs hereby incorporate Paragraphs 1 through 22 set forth above as if fully set forth herein.

24. Pursuant to 35 U.S.C. § 271(a), CaribEx has directly infringed claims of the '359, '801, '859, '320, '645, '781 and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale, and/or use of its "Shiptrax", "Quicktrax", "Satellite Tracking and Tracing", "EDI, Inventory & Management Reporting Capabilities", and "GPS Tracking" applications, solutions, devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '359, '801, '859, '320, '645, '781 and '970 patents, as every claim limitation, or its equivalent, is found in these applications, solutions, devices, programs, products, services, methods and/or systems.

25. CaribEx's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '801, '859, '320, '645, '781 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against CaribEx and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with CaribEx, granting the following relief:

A. An award of damages against CaribEx adequate to compensate Plaintiffs for the infringement that has occurred with respect to CaribEx, together with prejudgment interest from the date that CaribEx's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against CaribEx prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT IV - CARIBEX
## INDIRECT PATENT INFRINGEMENT

26. Plaintiffs hereby incorporate Paragraphs 1 through 25 set forth above as if fully set forth herein.

27. Pursuant to 35 U.S.C. §§ 271(b) and (c), CaribEx has indirectly infringed claims of the '359, '801, '859, '320, '645, '781 and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale and/or use of its "Shiptrax", "Quicktrax", "Satellite Tracking and Tracing", "EDI, Inventory & Management Reporting Capabilities", and "GPS Tracking" applications, solutions, devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '359, '801, '859, '320, '645, '781 and '970 patents, as CaribEx actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as CaribEx had knowledge, rather than intent, that its activity caused such infringement.

28. CaribEx's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '801, '859, '320, '645, '781 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against CaribEx and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with CaribEx, granting the following relief:

A. An award of damages against CaribEx adequate to compensate Plaintiffs for the infringement that has occurred with respect to CaribEx, together with prejudgment interest from the date that CaribEx's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against CaribEx prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October 5, 2011.                                          Respectfully submitted,

                                                                         /s/ William R. McMahon
                                                                         William R. McMahon, Esquire
                                                                         Florida Bar Number: 39044

McMahon Law Firm, LLC
P.O. Box 880567
Boca Raton, Florida 33488
Telephone: 561-487-7135
Facsimile: 561-807-5900
Email: bill@mlfllc.com
**Counsel for Plaintiffs**
